**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| EZEQUIEL DUARTE FERREIRA<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility<br>PATRICIA HYDE, Field Office Director,<br>TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement,<br>and KRISTI NOEM, U.S. Secretary of Homeland Security,<br><br>Respondents. | Case No. ________________<br><br>**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

1. Petitioner Ezequiel Duarte Ferreira is a citizen of Brazil. He resides in Marstons Mills, Massachusetts.

2. Petitioner has been continuously present in the United States for more than two years. He has rent receipts dating back further than two years ago.

3. Petitioner was arrested in Massachusetts by U.S. Immigration and Customs Enforcement ("ICE") on or about May 9, 2025.

4. On May 20, 2025, Petitioner made a request for bond with the Chelmsford Immigration Court.

5. On May 29, 2025, Immigration Judge Donald Ostrom denied Petitioner's request for bond, on the ground that Petitioner was placed in "Expedited Removal" proceedings by the Department of Homeland Security ("DHS"), and is therefore statutorily ineligible for bond.

6. Ordinarily, people arrested by ICE are served a Notice to Appear ("NTA") and placed into removal proceedings in the Immigration Court. Removal proceedings contain certain procedural protections required by the applicable statutes and regulations. The person attends hearings before an Immigration Judge and, if he or she is found removable, may apply for various forms of relief from removal. The decision of the Immigration Court is subject to appellate review by the Board of Immigration Appeals (the "BIA") and then via a petition for review to U.S. Court of Appeals. While the removal proceeding is pending, people without a criminal record or involvement in terrorism are constitutionally entitled to a bond hearing with certain procedural protections, which may result in their release for the pendency of the proceeding. *See* 8 U.S.C. § 1226; *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021) (for Section 1226(a) detainees, due process requires a bond hearing in which government bears burden of proof to show flight risk or dangerousness); *Brito v. Garland*, 22 F.4th 240, 256-57 (1st Cir. 2021) (affirming class-wide declaratory judgment of same).

7. In certain narrow circumstances, there is an alternative process called Expedited Removal. *See* 8 U.S.C. § 1225(b). Expedited Removal orders are issued without the typical process in the Immigration Court. Expedited removal orders are issued by an immigration enforcement official, not by an Immigration Judge. Expedited removal orders are not subject to appeal to the BIA and U.S. Court of Appeals. The potential forms of relief from the expedited removal process are much narrower and essentially require a showing of credible fear of return to the destination country, and adverse findings on credible fear are subject only to a limited review by an Immigration Judge without further review by the BIA. On information and belief, the government takes the position that people in expedited removal proceedings are not eligible for a bond hearing, but are rather mandatorily detained. *See* 8 U.S.C. § 1225.

8. One important limitation on Expedited Removal is that, as a matter of law, it cannot be applied to people who have been present in the United States for two years or more. *See* 8 U.S.C. § 1225(b)(1)(A)(iii)(II) (expedited removal limited to noncitizens who, among other things, have "not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph"). *See also* 8 CFR § 235.3(b)(ii) (stating that Expedited Removal applies only "aliens who arrive in, attempt to enter, or have entered the United States without having been admitted or paroled following inspection by an immigration officer at a designated port-of-entry, and who have not established to the satisfaction of the immigration officer that they have been physically present in the United States continuously for the 2-year period immediately prior to the date of determination of inadmissibility.").

9. Petitioner was issued an Expedited Removal order, and is currently being subjected to mandatory detention pursuant to that order.

10. Because Petitioner has been present in the United States for longer than two years, it is unlawful for the government to order him to be subjected to Expedited Removal or detain him on that basis.

11. Because Petitioner was unlawfully issued an immediate Expedited Removal order, he was never issued an NTA and he has been unlawfully denied all required process in the Immigration Court, all potential appeals from that process, and access to certain forms of relief from removal that would be potentially available in the Immigration Court.

12. Because Petitioner was unlawfully issued an Expedited Removal order, he is being unlawfully denied access to a bond hearing and potential release on bond.

16. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

17. Venue is proper because Petitioner resides in Massachusetts, is detained in Massachusetts, and on information and belief is detained in the District of Massachusetts.

18. Respondent Antone Moniz is the Superintendent of the Plymouth County Correctional Facility and is petitioner's immediate custodian.

19. Respondent Patricia Hyde is the New England Field Office Director for U.S. Immigration and Customs Enforcement.

20. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

21. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

22. All respondents are named in their official capacities. One or more of the respondents is Petitioner's immediate custodian.

## <u>CLAIMS FOR RELIEF</u>

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

23. On information and belief, Petitioner is currently being detained and subjected to Expedited Removal in violation of his constitutional right to due process of law.

24. Petitioner cannot be detained for, or subjected to, Expedited Removal because he has been continuously present in the United States for greater than two years.

25. The Expedited Removal statute largely "precludes judicial review," and therefore challenges to "confinement and removal" under that statute fall within the "core" of the writ of habeas corpus. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006-07 (2025); *cf. Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, (2020) (holding attempt "to obtain additional administrative

review of his asylum claim" after Expedited Removal order was outside the "core" of habeas relief).

26. Accordingly, to the extent 8 U.S.C. § 1252(e)(2) purports to preclude habeas review of whether Petitioner is ineligible for detention and removal via Expedited Removal due to the length of his presence in the United States, that limitation violates the Suspension Clause and is void and without effect.

27. Indeed, if there were no judicial review whatsoever of the immigration agencies' determinations that people have been present for less than two years, then the immigration agencies would be free to find that essentially any arrested noncitizen without status is subject to Expedited Removal, in direct violation of the procedures and safeguards required for removal proceedings by the laws and Constitution of the United States.

28. Even assuming Petitioner is eligible for detention for removal proceedings, he has not been served with any NTA to initiate any such proceedings, and he has not been provided any opportunity to receive a bond hearing to which he is entitled during any such proceedings. The only current basis for Petitioner's detention and potential deportation—Expedited Removal—is one that categorically does not apply to him.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the District of Massachusetts;

(3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days;

(4) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment;

(5) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately; and

(6) Grant any further relief this Court deems just and proper.

Dated: May 30, 2025

Respectfully submitted,

/s/ Shantanu Chatterjee

Shantanu Chatterjee, Esq.
BBO No. 698677
Georges Cote LLP
235 Marginal Street
Chelsea, MA 02150
(617) 884-1000 (tel.)
shaan@georgescotelaw.com

*Counsel for Petitioner*